Norman SCHAEFFER, Appellant,

v.

CIBA GEIGY CORPORATION, Respondent.

No. KCD 29323.

Missouri Court of Appeals, Kansas City District.

July 3, 1978.

---

Rupert G. Usrey, Oregon, for appellant.

Patrick McLarney, Gary R. Long, Shook, Hardy & Bacon, Kansas City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Norman Schaeffer brought suit against Ciba Geigy for alleged failure of the selective herbicide Aatrex 80W to control weeds in his corn. Schaeffer appeals following a jury verdict for Ciba Geigy claiming the trial court erred when it excluded Ciba Geigy's magazine and radio advertisements and when a newspaper article and demonstration of herbicide mixture was admitted. Affirmed.

It must first be noted this court would be fully justified to dismiss this appeal because because of the failure of Schaeffer's brief to comply with the rules. The transcript consists of two volumes containing 495 pages, yet the statement of facts contains only one paragraph consisting of two sentences which deal with the evidence. However, the points presented may be resolved on well settled principles of law. Nevertheless, counsel should not continue to presume the appellate courts will consider appeals in which the briefs fail to comply with the rules. Numerous appeals have been dismissed for failure of the brief to comply with the rules and this practice will not only continue but will accelerate.

Schaeffer alleged breach of warranty both express and implied together with a failure of the Aatrex supplied to him to comply with the chemical content listed on the label. Ciba filed an interrogatory long before trial in which it inquired as to Schaeffer's theory of recovery. The answer was the failure of the product to conform to the chemical composition contained on the label.

After Schaeffer's theory of recovery as stated in the interrogatory answer had been on file for some time, his counsel advised Ciba's counsel on the evening before trial he would seek to supplement his answer to broaden his theory to include breach of warranty. On the morning of trial Ciba's counsel objected to supplementing the answer or to any broadening of the issues because Ciba had already prepared to meet the theory that the product failed to conform to the chemical composition stated on the label. Ciba's counsel stated it was not prepared to produce the additional witnesses required to meet a breach of warranty theory. Schaeffer's counsel did not make a satisfactory explanation to the trial court for his failure to broaden the issues prior to the evening before trial. The court ruled it would be unfair to Ciba to broaden the issues.

■ Consistent with this ruling, the trial court excluded evidence of newspaper, magazine and radio ads run by Ciba which related to the capacity of Aatrex to kill weeds. That exclusion is the first point urged on this appeal. It was held in *Critcher v. Rudy Fick, Inc.*, 315 S.W.2d 421, 429[11, 12] (Mo.1958) that answers to interrogatories are not pleadings yet the trial court is given a wide discretion to prevent a party who propounds interrogatories from being misled and prejudiced by the answer. Here the court found Ciba would be prejudiced by allowing Schaeffer to expand his theory of recovery when his interrogatory answer had limited his theory. No abuse of that discretion is found and the court was correct in limiting the issues.

■ Schaeffer next complains of the introduction of a newspaper article by Ciba. When this article was introduced Schaeffer's counsel stated he was not objecting on the basis of hearsay. On this appeal the only allegation of error is based on the hearsay doctrine. It is beyond question that an objection not made in the trial court cannot be considered on appeal. *Boten v. Brecklein,* 452 S.W.2d 86, 96[22] (Mo.1970).

Schaeffer finally complains of the admission of mixture samples of Aatrex prepared by a Ciba employee. It is contended the experiments were not made under conditions similar to those made by Schaeffer when the product was applied. The only purpose of the experiment was to show the jury how a mixture similar to that applied to Schaeffer's land would physically appear, not what result it would produce. There is no showing of any prejudice resulting from the admission of this evidence. To be reversible error it must be prejudicial and the burden to establish prejudice is on the party claiming error. *Fowler v. S–H–S Motor Sales Corp.,* 560 S.W.2d 350, 357[13, 14] (Mo.App.1977); Rule 84.13(b). No prejudice is demonstrated from the introduction of this experiment.

The judgment is affirmed.

All concur.